ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Energy and Natural Resources Division
United States Department of Justice

MEREDITH L. FLAX, Deputy Section Chief
NICOLE M. SMITH, Assistant Section Chief
MICHELLE M. SPATZ, Senior Trial Attorney (DC Bar 1044400)
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
202-598-9741
michelle.spatz@usdoj.gov

*Attorneys for Federal Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**
**TUCSON DIVISION**

| | |
|---|---|
| Center for Biological Diversity, a non-profit organization,<br><br>Plaintiff,<br><br>v.<br><br>U.S. Fish and Wildlife Service; Brian Nesvik, in his official capacity as Director of the U.S. Fish and Wildlife Service; Doug Burgum, in his official capacity as Secretary of the United States Department of Interior<br><br>Defendants. | Case No. 4:26-cv-00278-SHR<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT (ECF NO. 1)** |

Pursuant to Fed. R. Civ. P. 8(b), Defendants U.S. Fish and Wildlife Service ("FWS"); Brian Nesvik, in his official capacity as the Director of FWS, and Doug Burgum, in his official capacity as Secretary of the United States Department of Interior

(collectively, "Federal Defendants"), submit the following Answer to Plaintiff's Complaint for Declaratory and Injunctive Relief (ECF No. 1). The numbered paragraphs in this Answer correspond to the numbered paragraphs in the Complaint. Federal Defendants deny any allegations in the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

The allegations of fact in the Complaint and any responses in this Answer are not relevant to judicial review, as this case is governed by the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. *See, e.g., American Bioscience v. Thompson*, 269 F.3d 1077, 1083-84 (D.C. Cir. 2001) ("[W]hen a party seeks review of agency action under the APA, the district judge sits as an appellate tribunal. The 'entire case' on review is a question of law.").

1. The allegations in the first sentence of Paragraph 1 contain Plaintiff's characterization of the case to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. Federal Defendants deny the allegations in the second sentence of Paragraph 1.

2. Federal Defendants admit the allegations in the first sentence of Paragraph 2. In response to the allegations in the second sentence of Paragraph 2, Federal Defendants admit that two populations have been extirpated and the remaining two are more susceptible to extirpation from catastrophic events and deny the remaining allegations.

3. The allegations in Paragraph 3 contain Plaintiff's characterization of the case to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

4. The allegations in Paragraph 4 state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

5. The allegations in Paragraph 5 state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

6. Federal Defendants are without sufficient knowledge or information to form an opinion as to the truth of the allegations in Paragraph 6 and deny them on that basis.

7. The allegations in the first sentence of Paragraph 7 contain Plaintiff's characterization of the case to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. The allegations in the second sentence of Paragraph 7 state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

8. Federal Defendants are without sufficient knowledge or information to form an opinion as to the truth of the allegations in Paragraph 8 and deny them on that basis.

9. The allegations in Paragraph 9 state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

10. Federal Defendants admit that the FWS is an agency within the Department of the Interior. The remaining allegations in the first sentence of Paragraph 10 state legal

conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations. The allegations in the second sentence of Paragraph 10, and citation after the second sentence, purport to characterize the implementing regulations for the Endangered Species Act ("ESA"), which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the regulations.

11. Federal Defendants admit the allegations in the first sentence of Paragraph 11. The allegations in the second sentence of Paragraph 11 contain Plaintiff's characterization of the case to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

12. Federal Defendants admit the allegations in the first sentence of Paragraph 12. The allegations in the second sentence of Paragraph 12 contain Plaintiff's characterization of the case to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

13. The allegations in the first sentence of Paragraph 13, and citation after the first sentence, purport to characterize a Supreme Court opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the opinion. The allegations in the second sentence of Paragraph 13, and citation after the second sentence, purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute.

14. The allegations in Paragraph 14 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute.

15. The allegations in Paragraph 15 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute.

16. The allegations in Paragraph 16 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute.

17. The allegations in Paragraph 17 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute.

18. The allegations in Paragraph 18 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute.

19. The allegations in Paragraph 19 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute.

20. The allegations in Paragraph 20 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute.

21. The allegations in Paragraph 21 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute.

22. The allegations in Paragraph 22 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute.

23. The allegations in Paragraph 23 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute.

24. The allegations in Paragraph 24 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute.

25. The allegations in Paragraph 25 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute.

26. The allegations in Paragraph 26 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute.

27. Federal Defendants admit the allegations in Paragraph 27.

28. Federal Defendants admit the allegations in Paragraph 28.

29. Federal Defendants admit the allegations in Paragraph 29.

30. In response to the allegations in the first and third sentences of Paragraph 30, Federal Defendants admit that groundwater levels and spring flow are factors that have affected the viability of the Quitobaquito tryonia and deny the remaining allegations. Federal Defendants admit the allegations in the second sentence of Paragraph 30. The image included under Paragraph 30 is a picture to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

31. In response to the allegations in Paragraph 31, Federal Defendants admit that groundwater levels and spring flow are factors that have affected the viability of the Quitobaquito tryonia and deny the remaining allegations.

32. Federal Defendants deny the allegations in Paragraph 32.

33. Federal Defendants admit the allegations in the first sentence of Paragraph 33. The allegations in the second sentence of Paragraph 33 purport to characterize a petition which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the petition.

34. The allegations in Paragraph 34 purport to characterize a 90-day finding which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the 90-day finding.

35. The allegations in Paragraph 35 purport to characterize a 2019 letter from Plaintiff which speaks for itself and is the best evidence of its contents. Federal

Defendants deny any allegations inconsistent with the plain language, meaning, or context of the letter.

36. The allegations in Paragraph 35 purport to characterize the complaint in a prior lawsuit filed by Plaintiff which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the complaint in that lawsuit.

37. The allegations in Paragraph 37 purport to characterize a proposed listing rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the proposed listing rule.

38. The allegations in Paragraph 38 purport to characterize a proposed listing rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the proposed listing rule.

39. Federal Defendants admit the allegations in the first sentence of Paragraph 39. Federal Defendants deny the allegations in the second sentence of Paragraph 39.

40. The allegations in the first sentence of Paragraph 40 purport to characterize a letter from Plaintiff dated January 16, 2026, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the letter. The allegations in the second sentence of Paragraph 40 state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

41. Federal Defendants incorporate by reference their responses to the preceding Paragraphs.

42. The allegations in Paragraph 42 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute.

43. The allegations in the first sentence of Paragraph 43 purport to characterize a proposed listing rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the proposed listing rule. The allegations in the second sentence of Paragraph 43 state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

44. The allegations in Paragraph 44 state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

45. The allegations in Paragraph 45 state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

## RESPONSE TO REQUEST FOR RELIEF

The remainder of Plaintiff's Complaint constitutes its requests for relief, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiff is entitled to any relief.

## GENERAL DENIAL

Federal Defendants deny any allegations of the Complaint, whether express or implied, not specifically admitted, denied, or qualified herein. Federal Defendants reserve

the right to assert any other claims or defenses as may be available or may become available during the course of these proceedings.

WHEREFORE, Federal Defendants request that the Court dismiss the Complaint in its entirety, render judgment for Federal Defendants and against Plaintiff, and grant Federal Defendants any further relief that the nature of the case and justice require.

Dated: October 15, 2026

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Energy and Natural Resources Division
United States Department of Justice

*/s/ Michelle M. Spatz*
MICHELLE M. SPATZ, Senior Trial Attorney
DC Bar 1044400
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
202-598-9741
michelle.spatz@usdoj.gov

*Attorneys for Federal Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2026, I filed the foregoing electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*Attorney for Federal Defendants*